

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1473-14

**WILLIAM BRYAN FINLEY, III, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### WILLIAMSON COUNTY

KEASLER, J., delivered the opinion of the Court, in which KELLER, P.J., JOHNSON, HERVEY, ALCALA, RICHARDSON, YEARY, and NEWELL, JJ., joined. MEYERS, J., filed a dissenting opinion.

### O P I N I O N

At William Finley's bench trial, the judge convicted him for resisting arrest when opposing police attempts to handcuff him. The court of appeals found the evidence legally sufficient to support Finley's conviction.[1] We affirm its judgment because Finley used force "against" the officers in opposing his arrest as required by Penal Code § 38.03.

---

[1] *Finley v. State*, 449 S.W.3d 145, 150–51 (Tex. App.—Austin 2014, pet. granted).

## I. Background

On March 5, 2011, Officer Fuller came to Finley's residence looking for Dennis Boyd, Finley's future son-in-law, as part of a warrant-roundup. After some disagreement with Finley about the warrant's validity, Officer Fuller called for backup. Officer Rollins and Corporal Lauden arrived as backup and brought a copy of the arrest warrant. Because Finley still did not believe the warrant's validity, the officers called in Officer Connor who brought the actual warrant. Having seen it, Finley came to the door and stepped outside but continued to be uncooperative. Officer Connor then attempted to arrest Finley for hindering Boyd's apprehension.

Officer Connor told Finley to turn around and place his hands behind his back. When Finley did not do so, Officer Connor grabbed Finley's right arm. Officer Connor testified that Finley failed "to cooperate and pull[ed] his arms away from us." Specifically, Officer Connor testified that Finley tensed up and pulled his arms away from the arresting officers and towards Finley's abdomen. Because Officer Connor could not get Finley's arms behind his back, Officer Rollins assisted Officer Connor in pulling Finley's arms behind him. But when their attempts failed, the officers pinned Finley against the door and then to the ground. Once Officer Connor pinned him to the ground, Finley kept his arms beneath his body. Officer Rollins then tazed Finley twice until Finley stopped resisting. Afterwards, the officers arrested Finley for resisting arrest and hindering Boyd's apprehension.

The judge found Finley guilty of resisting arrest, but not guilty of hindering apprehension. The judge sentenced Finley to 90 days' confinement, probated for fifteen months and assessed six days in jail as a condition of probation. On appeal, Finley claimed that the evidence was legally insufficient to support his conviction. Finley argued that the evidence did not permit a rational trier of fact to find beyond a reasonable doubt that he used force against a peace officer. A divided court affirmed Finley's conviction.[2] The majority held that the evidence was legally sufficient because Finley pulled away from the police officers who attempted to arrest him and that a rational trier of fact could reasonably infer that Finley pulled away forcefully.[3] The dissent argued that the evidence was legally insufficient to support Finley's conviction because it did not show that Finley used "the degree of 'force against [a] peace officer' needed to support a conviction for resisting arrest under *section 38.03*."[4] We granted Finley's petition for discretionary review to determine whether the court of appeals' legal sufficiency analysis was correct.

## II. Analysis

A.     *Dobbs* and Section 38.03

A person resists arrest "if he intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest, search, or transportation of the actor or another

---

[2] *Id.* at 151.

[3] *Id.*

[4] *Id.* at 152, 154 (Jones, C.J., dissenting) (emphasis in original).

by using force against the peace officer or another."[5] We recently defined § 38.03's phrase "by using force against a peace officer or another" within the resisting arrest statute's context in *Dobbs v. State*.[6] Applying a plain-meaning approach to the word "force," we found that force requires some "violence, compulsion, or constraint exerted upon or against a person or thing."[7] We further defined "against" in § 38.03 as "in opposition or hostility to;" "contrary to;" "directly opposite;" "in the direction of and into contact with;" or "in a direction opposite to the motion or course of."[8] In essence, "using force against the peace officer or another" means "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another."[9]

We also held that these definitions pertain to force being used against the officer, not "against his broader goal of effectuating arrest."[10] The statute requires the State to show that the defendant used some sort of force "in opposition to, in the direction of, or in contact with

---

[5] TEX. PENAL CODE § 38.03 (West 2011).

[6] *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014) (quoting TEX. PENAL CODE § 38.03(a)).

[7] *Id.* at 171 (quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 455 (10th ed. 1996)).

[8] *Id.* (quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 21 (10th ed. 1996)).

[9] *Id.*

[10] *Id.*

the officer himself for the purpose of preventing an arrest."[11] If the statute was understood to encompass only force that would thwart the goal of making the arrest, "we would effectively render the phrase [against the peace officer] superfluous because the other statutory terms already require proof that the actor prevented or obstructed an arrest through his use of force."[12]

In *Dobbs*, the defendant held a gun to his own head and threatened to take his own life.[13] Dobbs never pointed or threatened the officers with the gun. He did not use force against the officers—only against himself to prevent the arrest. As such, we held that Dobbs's use of force did not constitute resisting arrest because he ultimately did not use force against the officers. But like the court of appeals, we find the facts in *Dobbs* distinguishable from the facts here. We turn now to the evidence in this case to determine whether the evidence was sufficient to support Finley's conviction.

B.    Legal Sufficiency

Unlike in *Dobbs*, Finley used force against the officers by pulling against the officers' force. In this case, pulling away from the officers satisfies the "in opposition or hostility to" the police officers requirement. In light of *Dobbs*'s broad definition of force, we conclude the evidence presented in this case was sufficient to convict Finley.

---

[11]  *Id.*

[12]  *Id.* at 171–72.

[13]  *Id.* at 168–69.

Under *Jackson v. Virginia*, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the offense's elements beyond a reasonable doubt.[14] Here, while trying to take Finley into custody, Finley used the requisite force under § 38.03. Officer Connor specifically testified that Finley "clench[ed] up, pull[ed], and tr[ied] to pull his arm away from me. And I—I could not get him fully under control . . . ." Officer Connor further testified that, while he pulled Finley's right arm back, Finley kept pulling his arm forward towards his body—the opposite direction from the officers' efforts. Officer Connor explained that he and Officer Rollins then pinned Finley against a door because Finley actively pulled away and attempted to pull his arms in front of himself.

Based on the record, viewed in light of *Dobbs*'s established definition of force, there is sufficient evidence from which a rational trier of fact could conclude beyond a reasonable doubt that Finley used force or violence against the officers. Consequently, we affirm the court of appeals' judgment affirming Finley's conviction.

DELIVERED:     February 24, 2016
PUBLISH

---

[14] 443 U.S. 307, 318–19 (1979).