# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00484-CR

**Michelle Elaine Gambles, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C13-07485, HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Michelle Elaine Gambles guilty of resisting arrest and assessed punishment at six days in the county jail. *See* Tex. Penal Code § 38.03. In her sole point of error, Gambles contends that the evidence is legally insufficient to support her conviction. We will affirm the trial court's judgment of conviction.

### DISCUSSION

A person commits the offense of resisting arrest "if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another." *Id.* § 38.03(a). Gambles argues that the evidence is

legally insufficient to support her conviction because "the State failed to establish that [Gambles] intentionally used force against a peace officer or another as required by law."[1]

At trial, the State presented evidence of the following facts.[2] Michael Young and his employee, who were plumbers, were responding to a service call when Gambles approached them and accused them of driving too fast through the neighborhood. Gambles was agitated and hostile, and Young called 911. Two police officers arrived and tried to calm Gambles down. When Gambles refused to cooperate, the officers began to place Gambles under arrest.

Gambles was "waiving her arms and being loud," and was "really aggressive" and "rather hostile." An officer was able to get one of Gambles's hands into handcuffs and then grabbed Gambles's other wrist. Gambles jerked her second hand free by spinning out of the officer's grasp. Gambles was "was still trying to fight," and Gambles and the officer dropped to the ground. Gambles placed her hands underneath her body and refused to allow the officer to secure her hands. Both officers struggled with Gambles on the ground for a few minutes, and Gambles was kicking at one of the officers and screaming. Eventually, one of the officers used a taser on Gambles. The officers were then able to place Gambles in handcuffs and escort her to the police vehicle. At the

---

[1] When reviewing the sufficiency of the evidence supporting a conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each essential element of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.); *Schneider v. State*, 440 S.W.3d 839, 841 (Tex. App.—Austin 2013, pet. ref'd) (mem. op.).

[2] Although much of this evidence was disputed, "[w]hen the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *see* Tex. Code Crim. Proc. art. 38.04 ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . .").

vehicle, Gambles continued to kick as the officers searched her, and she continued to scream while inside the vehicle.

Viewing this evidence in the light most favorable to the verdict, we conclude that a reasonable trier of fact could have found beyond a reasonable doubt that Gambles committed each essential element of resisting arrest. The only element of the offense that Gambles contests is the use of force. However, Gambles used force because, at a minimum, she spun and jerked her arm free of the officer's grasp. *See Finley v. State*, No. PD-1473-14, 2016 WL 747605, at *2 (Tex. Crim. App. Feb. 24, 2016) (concluding sufficient evidence supported conviction for resisting arrest because officer "testified that, while he pulled [defendant's] right arm back, [defendant] kept pulling his arm forward towards his body—the opposite direction from the officers' efforts" and because "[defendant] actively pulled away and attempted to pull his arms in front of himself"); *Finley v. State*, 449 S.W.3d 145, 149 (Tex. App.—Austin 2014), *aff'd*, 2016 WL 747605 ("[T]here is evidence from which a rational trier of fact could have reasonably inferred that [defendant] had directed force 'at or in opposition to' the officers . . . by forcefully pulling away from them."); *see also Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014) (defining "using force against the peace officer or another" as "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another").[3]

Accordingly, we overrule Gambles's sole point of error.

---

[3] Gambles argues that evidence that she merely pulled her arm free of the officer's grasp is insufficient to establish that she used force, citing *Sheehan v. State*, 201 S.W.3d 820, 822–23 (Tex. App.—Waco 2006, no pet.). However, the court of criminal appeals's opinion in *Finley v. State*, cited above, belies that argument.

**CONCLUSION**

Having overruled Gambles's point of error, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: April 13, 2016

Do Not Publish