

# NUMBERS 13-15-00085-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| JAMARKAS HOLLAND, | Appellant, |
|---|---|
| v. | |
| THE STATE OF TEXAS, | Appellee. |

## On appeal from the 117th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Jamarkas Holland appeals his conviction for aggravated assault with a deadly weapon, enhanced to a first-degree felony by appellant's prior felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.02 (West, Westlaw through 2015 R.S). The jury found appellant guilty, and the trial court assessed punishment at seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By

one issue, Holland argues that the evidence is insufficient to prove he used or exhibited a deadly weapon in the commission of an assault. We affirm.

## I. BACKGROUND

Holland and his girlfriend, Caitlyn Dewbre, were living in Dewbre's vehicle in Portland, Texas. Dewbre testified that Holland had a drinking problem, mental issues, and recently got out of the penitentiary. Dewbre testified that she decided to take Holland to a homeless shelter in Corpus Christi. As they were driving from Portland to Corpus Christi, the two argued and Holland became physically violent with Dewbre. Holland hit Dewbre in the face with his fist and bashed her head against the console.

As Dewbre drove over the Harbor Bridge into Corpus Christi, Holland pulled out Dewbre's fishing knife and threatened her with it. Dewbre testified "[Holland] told me … that he would murder me where I stood, and he stabbed the knife into the front dashboard." Before the day of the incident, Dewbre testified she would occasionally find her fishing knife in the passenger side door where Holland usually sat, and she would place it back in the trunk. Dewbre testified that Holland had been "organizing things" in the trunk earlier that day.

After Holland stabbed the knife into the dashboard, Dewbre was "completely terrified." When they arrived at the homeless shelter in Corpus Christi, Holland refused to leave the vehicle. Holland grew upset because he could not find a lighter, so Dewbre drove to a nearby gas station. In the parking lot of the gas station, the two continued to argue and Holland grabbed a roll of duct tape and hit Dewbre in the face with it. Holland then left the scene in someone else's vehicle, and Dewbre called 911 to report the

2

assault.[1]   Shortly after leaving the gas station, Holland also made a 911 call to report that he was assaulted by Dewbre.

Officers Jason Wicks and Steven Brown arrived at the scene, and obtained a video statement from Dewbre which was admitted at trial.   In the video, Dewbre provides details of the events that took place, and describes the knife that Holland stabbed into the dashboard as a "white fishing knife."   At trial, she testified that the knife had a "lock handle on it and the blade may be that long. It was a gutting knife used for fishing." Officer Wicks observed the puncture wound in the dash and testified it could have been caused by a knife.   Officer Wicks described Dewbre's injuries as follows:   swelling to her face, and blood dripping from her nose.   Officer Brown took photos of the puncture in the dashboard and Dewbre's injuries which were admitted at trial.   Dewbre later requested and obtained a protective order against Holland.   Dewbre was treated for injuries to her nose, neck and back.

After interviewing Dewbre, Officer Wicks was dispatched to another location where Holland was located.   Officer Wicks did not observe any injuries on Holland and noticed that Holland smelled of alcohol.   Holland did not possess the knife at the time of the arrest and the knife was never recovered.

Detective Robin Cassel testified that the knife was not found at the scene.   Its white sheath was recovered months later by Dewbre from the trunk of her vehicle. Detective Cassel did not check for fingerprints and could not tell if Holland touched the sheath.   During his testimony at trial, Holland denied stabbing the knife into the

---

[1] Sometime during the quarrel in the car, Holland grabbed Dewbre's phone, which he later threw at her.

dashboard and denied threatening Dewbre with a knife. He claimed the threat to Dewbre was a joke. He testified he knew a fishing knife was usually kept in the trunk of the vehicle.

The jury found Holland guilty of aggravated assault with a deadly weapon. This appeal followed.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989) (en banc). Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

We measure the sufficiency of the evidence by the elements of the offense as

4

defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* To convict Holland of aggravated assault under a hypothetically correct jury charge, the State was required to prove that Holland (1) intentionally or knowingly; (2) threatened another with imminent bodily injury; (3) while using or exhibiting a deadly weapon during the assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West, Westlaw through 2015 R.S.).

A deadly weapon is defined as "anything that in the manner of its use or intended use is capable of causing death or serious injury." *See* TEX. PENAL CODE ANN. § 1.07(a)(17) (West, Westlaw 2015 through R.S.). The State is not required to show that the "use or intended use causes death or serious bodily injury" but that the "use or intended use is capable of causing death or serious bodily injury." *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

### III. DISCUSSION

Holland argues that the evidence is insufficient to show he committed the offense of aggravated assault with a deadly weapon. Specifically, he complains the evidence is insufficient to show appellant actually had or used the knife during the assault, and the evidence does not show the knife was actually deadly.

Regarding his first argument, appellant asserts the following: (1) Dewbre's

5

testimony alone is not enough evidence to support appellant had or used a knife; (2) the puncture on the dashboard and recovered knife sheath do not establish there was a knife used or exhibited; (3) Dewbre's injuries do not indicate the use of a knife; and (4) the State failed to produce the actual knife at trial.

We note that the victim's testimony alone can constitute legally sufficient evidence to support a finding that a defendant used or exhibited a deadly weapon. *See Padilla v. State*, 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd) (victim's testimony alone, if believed, is sufficient to support conviction for aggravated assault with a deadly weapon); *Carter v. State*, 946 S.W.2d 507, 510–11 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (upholding aggravated kidnapping conviction on ground that victim's testimony alone was sufficient evidence to show defendant used or exhibited a firearm even though gun was not recovered).

Dewbre testified regarding the size of the knife, the color, and the intended purpose for which the knife was made—gutting fish. She also testified regarding how Holland could have possibly come into possession of the knife while he was "organizing things" in the trunk of her car on the day of the assault. Both Holland and Dewbre testified that the knife was kept in the trunk of the car. Dewbre stated that she occasionally found the knife in the passenger side door where appellant usually sat. Lastly, Dewbre testified that Holland threatened her with the knife and stabbed it into the dashboard.

Dewbre's testimony is corroborated by a puncture wound in the dashboard which the investigating officers believed could have been made by a knife. Holland testified that he did not have a knife during this altercation with Dewbre. However, in a sufficiency

6

review, we consider all of the evidence in the light most favorable to the verdict. *See Johnson,* 364 S.W.3d at 293–94. We also defer to the jury's determination regarding the witnesses' credibility and the weight to be given to their testimony. *See Brooks*, 323 S.W.3d at 899. Here, it appears that the jury believed the testimonial evidence Dewbre provided about the knife and disbelieved Holland. We conclude that a rational trier of fact could have determined from this testimony that appellant exhibited a knife during the assault. *See Johnson*, 364 S.W.3d at 293–94.

With respect to his second argument, Holland asserts the evidence did not establish that the weapon was actually deadly, and the knife is not a deadly weapon by design. A knife is not a deadly weapon per se. *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). However, it can be a deadly weapon if in the manner of its use or intended use it was capable of causing death or serious bodily injury. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); *Brumbalow v. State*, 432 S.W.3d 348, 353 (Tex. App.—Waco 2014, no pet.); *Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet. ref'd) (citing *Williams v. State*, 575 S.W.2d 30, 32 (Tex. Crim. App. 1979)).

Factors that may be considered in determining whether a knife is being used as a deadly weapon include: (1) the words of the accused, such as threats; (2) the intended use of the knife; (3) its size, shape, and sharpness; (4) testimony by the victim that he feared death or serious bodily injury; (5) the severity of any wounds inflicted; (6) the manner in which the assailant allegedly used the knife; (7) physical proximity of the parties; and (8) testimony as to the knife's potential for causing death or serious bodily

7

injury. *See Thomas*, 821 S.W.2d at 619; *Brown v. State*, 716 S.W.2d 939, 946–47 (Tex. Crim. App. 1986); *Williams*, 575 S.W.2d at 32; *Romero v. State*, 331 S.W.3d 82, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Magana*, 230 S.W.3d at 414; *see also Blain*, 647 S.W.2d at 294 ("[t]he State can, without expert testimony, prove a particular knife to be a deadly weapon by showing its size, shape and sharpness, the manner of its use, or intended use and its capacity to produce death or serious bodily injury"). The design of the knife is not dispositive and only one of the factors to be considered when determining whether an object is a deadly weapon. *See Bailey v. State*, 46 S.W.3d 487, 491–92 (Tex. App.—Corpus Christi 2001, pet. ref'd); *see also* TEX. PENAL CODE § 1.07(a)(17).

The Court of Criminal Appeals has stated that the most important of the above factors is the manner in which the weapon was used. *See Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980) (citing *Denham v. State*, 574 S.W.2d 129 (Tex. Crim. App. 1978)). Moreover, the Court of Criminal Appeals has held that, "although admission of descriptions of the knife by witnesses and introduction of the knife into evidence are an aid to the jury in its determination of the knife's deadly character, evidence has been held sufficient where no knife was introduced or clearly seen by the witnesses." *Brown*, 716 S.W.2d at 946 (citing *English v. State*, 647 S.W.2d 667, 668–69 (Tex. Crim. App. 1983)).

Dewbre was in the car with Holland when he threatened to murder Dewbre. While they were in close proximity in Dewbre's vehicle, Holland conveyed an intent to use a knife to inflict death or serious bodily injury by stabbing a knife into the dashboard. In addition, Dewbre testified she was "completely terrified." She sought and obtained a

8

protective order against Holland because of her fear of him. In her testimony, Dewbre described the knife as a fishing knife and its use as a "gutting knife." She demonstrated the size of the knife to the jury as "maybe that long." When gestures by a witness, such as "like this" or "this long," appear in the appellate record without further explanation, a presumption arises that the undescribed gesture supports the jury's findings. *See Finley v. State*, 449 S.W.3d 145, 150 n.20 (Tex. App.—Austin 2014), *aff'd*, 484 S.W.3d 926 (Tex. Crim. App. 2016); *Morales v. State*, 293 S.W.3d 901, 909 (Tex. App.—Texarkana 2009, pet. ref'd); *Rogers v. State*, 756 S.W.2d 332, 336–37 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *Gaona v. State*, 733 S.W.2d 611, 613–14 & n.1 (Tex. App.—Corpus Christi 1987, pet. ref'd). We conclude a rational trier of fact could have determined from the evidence that the knife was a deadly weapon. *See Johnson*, 364 S.W.3d at 293–94.

After reviewing the evidence, we conclude the evidence is sufficient to prove that appellant committed aggravated assault with a deadly weapon. *Id.* We overrule appellant's issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of June, 2016.