

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00374-CR

DIREECE WYNNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2014-404,394, Honorable John J. McClendon, III, Presiding

July 5, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

"She could steal, but she could not rob."[1]  Though that is not the exact argument made here, it is quite close.  Direece Wynne (appellant) appeals his robbery conviction by attacking the sufficiency of the evidence underlying it.   He posits that he only assaulted but did not rob.  We affirm.

One commits robbery when "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property" he either

---

[1] "She Came in Through the Bathroom Window" by Lennon-McCartney.

"intentionally, knowingly, or recklessly causes bodily injury to another" or "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02(a) (West 2011).[2]  Appellant was charged with and convicted of the former.[3]  And, whether that conviction has sufficient evidentiary support depends on whether the evidence, when viewed in the light most favorable to the verdict is enough to permit any rational trier of fact to find "the offense's elements beyond a reasonable doubt." *Finley v. State*, 484 S.W.3d 926, 928 (Tex. Crim. App. 2016).

Appellant does not deny that he assaulted his victim, that is, he intentionally, knowingly, or recklessly caused Larry Flores bodily injury.  Rather, he contends that he did so outside the course of committing theft.  According to the evidence of record, though, he was driving around out "hustling" to acquire a room for the night when he came upon Flores and his girlfriend walking to their apartment around 3 a.m.  Appellant and his passenger stopped them and asked for directions.  Flores complied.  Once the conversation ended, Flores was tased.  Furthermore, both appellant and his passenger exited the vehicle and together kicked and punched their victim.  While this happened, Flores recalled one of his assailants uttering the command "check his pockets" and thereafter feeling hands do just that.

When the attack ended, Flores' cell phone and his girlfriend's car keys were gone.  The cell phone was later found in appellant's vehicle, once the police had arrested him.  His arrest occurred after he engaged in a car chase with the police,

---

[2] One commits theft "if he unlawfully appropriates property with intent to deprive the owner of property."  Tex. Penal Code Ann. § 31.03(a) (West Supp. 2015).

[3] The trial court's instructions to the jury on guilt included a party charge.

eventually abandoned the Explorer, and ran to and unsuccessfully tried to hide in a field.

While it may be that the "dancer" to whom Mr. Lennon and Mr. McCartney referred in their song could not rob, the evidence at bar was more than ample to permit a rational factfinder to conclude, beyond reasonable doubt, that appellant could and did rob. Viewing it in the light most favorable to the verdict, it was enough to permit the jurors to rationally infer that he assaulted Flores during the course of committing theft with the intent to obtain control over property. Consequently, the verdict has the support of legally sufficient evidence.

We overrule appellant's sole point and affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.