# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10438

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

BRENTON THOMAS MASSEY,

    Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Brenton Thomas Massey pleaded guilty to knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Massey's presentence report (PSR) determined that he had three prior convictions for violent felonies or serious drug offenses. The Government sought an enhanced penalty under the Armed Career Criminal Act (ACCA), which provides that a person who violates § 922(g)(1) and who "has three previous convictions" for "a violent felony or a serious drug offense . . . committed on occasions different from one another" shall be imprisoned for a minimum of fifteen years. § 924(e)(1). At the sentencing hearing, Massey did

not dispute that his two drug convictions were "serious drug offenses" under the ACCA, but he objected to counting his Texas felony conviction as a "violent felony." He therefore argued that the normal ten-year maximum sentence for a violation of § 922(g)(1) applied to his conviction. *See* § 924(a)(2).

Massey's felony conviction was for violation of section 38.14 of the Texas Penal Code, which, in pertinent part, provides:

> A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace officer, federal special investigator, employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer the officer's, investigator's, employee's, or official's firearm, nightstick, stun gun, or personal protection chemical dispensing device with the intention of harming the officer, investigator, employee, or official or a third person.

Under the ACCA, "violent felony" is defined in relevant part as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The district court concluded that section 38.14 contained such an element, and accordingly sentenced Massey under the ACCA to a prison term of fifteen years and eight months. Massey appealed.

In *Johnson v. United States*, 559 U.S. 133, 140 (2014), the Supreme Court held that "physical force" in the statutory definition of "violent felony" means "*violent* force—that is, force capable of causing physical pain or injury to another person." On appeal, Massey argues that a violation of section 38.14 of the Texas Penal Code is not a "violent felony" under the ACCA because, he asserts, under Texas law the "force" required for its commission is less than that required by *Johnson*.[1] We review the district court's determination that

---

[1] The Government contends that our decision in *United States v. Avalos-Martinez*, 700 F.3d 148 (5th Cir. 2012), is dispositive. In that case, the defendant argued that section 38.14

No. 16-10438

a prior offense constitutes a violent felony under the ACCA de novo. *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).[2]

In support of his position, Massey points to *Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014), in which the Texas Court of Criminal Appeals (TCCA) held that the defendant, who threatened to shoot himself as officers approached him, could not reasonably be said to have used "force against a peace officer or another" within the meaning of the resisting arrest statute, section 38.03 of the Texas Penal Code. In so holding, the TCCA considered a dictionary definition of "force": "'violence, compulsion, or constraint exerted upon or against a person or thing.'" *Id.* at 171 (quoting MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 455 (10th ed. 1996)); *see also Finley v. State*, 484 S.W.3d 926, 927–28 (Tex. Crim. App. 2016) (citing and applying the *Dobbs* definition of "force" to affirm a defendant's conviction of resisting arrest under section 38.03). Relying on this definition, Massey argues that "'[f]orce' under the Texas Penal Code encompasses any amount of force . . . not just force capable of causing physical pain or injury."

Massey's argument is not persuasive for several reasons. First, the TCCA's decisions in *Dobbs* and in *Finley* did not definitively calibrate the

---

is not a "crime of violence" for purposes of enhancement of sentence under section 2L1.2(b)(1)(A)(ii) of the sentencing guidelines because the element of force in the Texas statute encompasses not only force directed against a person, but also force directed against property. *Id.* at 151. We rejected this argument, holding that section 38.14 does not criminalize the use of force against property. *Id.* at 152. However, Massey's argument that a defendant may attempt to take an officer's weapon under the Texas Penal Code without using "physical force" as defined by *Johnson* was not presented or resolved by *Avalos-Martinez*. Massey's argument thus is not foreclosed by *Avalos-Martinez*.

[2] The Government argues that review should be for plain error because Massey's argument on appeal differs from the argument he raised below. However, we find that Massey's argument on appeal is a refinement of his district court argument rather than a new argument. Consequently, Massey has preserved the argument for appeal, and our review is de novo. *See, e.g.*, *United States v. Garcia-Perez*, 779 F.3d 278, 281–82 (5th Cir. 2015) (de novo review applied because defendant merely refined on appeal his argument that prior conviction did not qualify as crime of violence).

amount of force required for a violation of resisting arrest under section 38.03.[3] The decisions in *Dobbs* and *Finley* turned on whether the defendant's actions were "against" a police officer, rather than on whether his actions were sufficiently forceful.    434 S.W.3d at 173; 484 S.W.3d at 928.   It is not clear from either decision that "force" defined as "violence, compulsion, or constraint exerted upon or against a person or thing" is less than physical force as defined by *Johnson*.   And, significantly, there is no indication in either decision that the definition of force was intended to apply outside of section 38.03.

Furthermore, even if, as Massey argues, section 38.14 could be violated with the use of less than "physical force," that would not rule out the possibility that the offense "has as an element the . . . *threatened use* of physical force against the person of another."   *See* § 924(e)(2)(B)(i) (emphasis added).   The Government argues that it does.   In *United States v. Garcia-Figueroa*, 753 F.3d 179, 186 (5th Cir. 2014), we held that the Florida offense of "without authorization, tak[ing] a firearm from a law enforcement officer lawfully engaged in law enforcement duties"—even if it does not necessarily involve the use of "physical force"—"create[s] a sufficient 'threatened use of [physical] force' to qualify" as a crime that has as an element the use, attempted use, or threatened use of physical force" against the person of another.   The Government asserts that the same logic should apply in the present case. Massey does not respond to the Government's contention and fails to argue that section 38.14 is distinguishable from the Florida statute at issue in *Garcia-Figueroa*.   We therefore conclude that section 38.14 has as an element the "threatened use of force" and qualifies as a violent felony under the ACCA.[4]

---

[3] The TCCA did suggest that section 38.03 requires only "some kind of force," *Dobbs*, 434 S.W.3d at 171, or "some sort of force," *Finley*, 484 S.W.3d at 928.

[4] However, as we noted in *Avalos-Martinez*, "our interpretation of this Texas statute would be trumped by a contrary interpretation by Texas courts."   700 F.3d at 152.

No. 16-10438

The district court's judgment is AFFIRMED.