# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD RAY NORMAN, also known as Ronnie Ray Norman,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-219-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronald Ray Norman appeals his resentencing under the Armed Career Criminal Act (ACCA) to 235 months in prison for being a felon in possession of a firearm. Relying upon *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States¸* 136 S. Ct. 2243 (2016), Norman contends that the district court erred by holding that his prior Texas conviction for aggravated robbery constitutes a violent felony under the ACCA. *See* 18 U.S.C. § 924(e)(1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2)(B).  Even if we afford Norman's arguments de novo review, *see United States v. Massey*, 858 F.3d 380, 382 (5th Cir. 2017), the district court did not err by holding that Norman's conviction under Texas Penal Code § 29.03(a)(2) constitutes a violent felony.  *See United States v. Lerma*, 877 F.3d 628, 636 (5th Cir. 2017), *cert. denied*, 2018 WL 1912585 (May 29, 2018) (No. 17-8588); § 924(e)(2)(B)(i).

We review the district court's interpretation of the scope of our remand order de novo.  *See United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).  The district court did not err by holding that it was precluded by the mandate rule from considering Norman's objection, which he was required to have raised during his original sentencing proceedings, to the assessment of a criminal history point based upon his February 2014 conviction for evading arrest.  *See United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998) (explaining that the mandate rule "serves both justice as well as judicial economy [by] requir[ing] a defendant to raise all relevant and appealable issues at the original sentencing").  The Supreme Court's decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), has no bearing on Norman's failure to object at his original sentencing and does not constitute an intervening change of law excepting his argument from the mandate rule.  *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

AFFIRMED.