**Opinion filed February 14, 2019**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-17-00090-CR**

_____

## ROBERT ALLAN JORGENSEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Throckmorton County, Texas**

**Trial Court Cause No. 1237**

## M E M O R A N D U M   O P I N I O N

In two issues on appeal, Appellant, Robert Allan Jorgensen, contests the trial court's decision to revoke his community supervision. Appellant argues that (1) the trial court abused its discretion by determining that Appellant committed the offense of resisting arrest and revoking his probation and (2) due process of law mandates that proof of a violation of any condition of community supervision must be beyond

a reasonable doubt rather than a preponderance of the evidence. Because we hold that the trial court did not err in revoking Appellant's community supervision and that it applied the correct standard of proof, we overrule Appellant's two issues and affirm the judgment of the trial court.

*Background Facts*

In 2014, Appellant pleaded guilty to the third-degree felony offense of driving while intoxicated, third or more. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2018). The trial court convicted Appellant and assessed his punishment at confinement for five years and a fine of $1,500. However, pursuant to the plea-bargain agreement, the trial court suspended Appellant's sentence and placed Appellant on community supervision for a period of five years. Nonetheless, in 2017, the State filed a Motion to Revoke Community Supervision, alleging that Appellant had violated conditions of his community supervision. Specifically, the State alleged that Appellant had violated the conditions of his community supervision by (1) committing the offense of driving with an invalid license with previous convictions; (2) committing the offense of resisting arrest, search, or transportation; (3) failing to make monthly payments to both the Haskell County and 39th Judicial District Court community supervision departments to pay his court costs, fine, and supervision fees; and (4) failing multiple times to report in writing to the Throckmorton County Community Supervision and Corrections Department.[1] Appellant pleaded "[n]ot true" to all allegations.

The trial court held a hearing on the State's motion to revoke. At the hearing, Christopher Davis, Director of the 39th Judicial District Probation Department, testified that he had indirectly supervised Appellant. Davis testified that Appellant

---

[1]At the beginning of the hearing on the motion to revoke, the State chose to abandon additional allegations regarding violations of Appellant's community supervision.

violated the terms of his community supervision multiple times by failing to make required monthly payments and reports in writing.

Dustin Holden, a certified peace officer with the Mineral Wells Police Department, testified that, on February 11, 2017, he conducted a traffic stop after he observed Appellant driving a motorcycle without functioning rear lights. During the stop, he conducted a check of Appellant's driver's license. The check confirmed that Appellant's license was "not eligible" and that Appellant had an active warrant for a probation violation. Upon learning this information, Officer Holden advised Appellant that he was under arrest and instructed him to place his hands behind his back. However, when Officer Holden attempted to place handcuffs on Appellant, Appellant began to pull away from Officer Holden. Although Appellant continued to push and pull away from Officer Holden and an assisting officer, the officers were able to place Appellant over the hood of Officer Holden's patrol vehicle. Officer Holden testified that, despite advising Appellant to "calm down and stop resisting," Appellant continued to use force against the officers by pulling and tensing up and, at one point, attempted to bite Officer Holden. Nonetheless, the officers eventually placed Appellant under arrest. A dashcam video of the traffic stop and arrest was also presented to the trial court.

Appellant also testified at the hearing. Appellant stated that, while on community supervision, he was laid off from work and was struggling financially. Appellant acknowledged that he was behind on his required payments but testified that he had paid his fees during the periods he did have gainful employment. Appellant also acknowledged that he did not send in his required written reports. Regarding his arrest, Appellant testified that he did not kick, pull, strike, head-butt, bite, or otherwise attempt to use any force against either officer when they attempted to arrest him during the traffic stop.

After hearing the evidence, the trial court found that there was sufficient evidence to support the State's allegations that Appellant had violated multiple conditions of his community supervision by (1) committing the offenses of driving with an invalid license and resisting arrest and (2) by failing to report in writing. The trial court revoked Appellant's community supervision, imposed the original sentence of five years' confinement, and ordered Appellant to pay the balance of all fines, fees, and court costs due and owing. This appeal followed.

*Analysis*

In two issues on appeal, Appellant argues that (1) the trial court abused its discretion by determining that Appellant committed the offense of resisting arrest and revoking his probation and (2) due process of law mandates that proof of a violation of any condition of community supervision must be beyond a reasonable doubt. We disagree.

In his first issue, Appellant contends that the trial court abused its discretion by determining that Appellant resisted arrest. Appellant argues that the trial court erred in revoking his probation because there "was no evidence Appellant used the requisite degree of force against the officer to amount to resisting arrest." Appellant does not contest the other allegations regarding his community supervision violations.

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim.

4

App. 1993).  The State satisfies its burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating that it is more probable than not that the defendant has violated a condition of his community supervision.  *Rickels*, 202 S.W.3d at 763–64.  Proof of one violation of the terms and conditions of community supervision is sufficient to support revocation.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

A person commits the offense of resisting arrest if "he intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another."  PENAL § 38.03(a) (West 2016); *Finley v. State*, 484 S.W.3d 926, 927–28 (Tex. Crim. App. 2016).  The Texas Court of Criminal Appeals has clarified that the phrase "using force against the peace officer or another" means using "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another."  *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014); *see Finley*, 484 S.W.3d at 928.  However, the "use of force" must pertain to force being used "in opposition to, or in the direction of and/or in contact with, the officer himself, meaning the officer's physical person."  *Dobbs*, 434 S.W.3d at 173.  "A use of force that is against the officer's goal of effectuating an arrest in the sense that it is hostile to or contrary to that goal, but that is not directed at or in opposition to the officer, is not covered by the plain terms of the statute."  *Id.*  Yet, pulling away from an officer can satisfy the "in opposition or hostility to" the police officer requirement.  *Finley*, 484 S.W.3d at 928.

Here, Officer Holden testified that Appellant attempted to "pull away," pushed and pulled, tensed up, and attempted to bite Officer Holden when Officer Holden and an assisting officer attempted to place Appellant under arrest.  A

dashcam video of the arrest was admitted into evidence. Although Appellant denied he used any force, the trial court was free to believe Officer Holden's testimony over Appellant's. *See Garrett*, 619 S.W.2d at 174. Given Officer Holden's testimony, along with the video of the arrest, the evidence was sufficient to show that Appellant used force against Officer Holden pursuant to Section 38.03. PENAL § 38.03(a); *see Finley*, 484 S.W.3d at 928. Moreover, even if we were to hold that the evidence was insufficient to show that Appellant committed the offense of resisting arrest, the trial court found that Appellant had violated the conditions of his community supervision by committing the offense of driving with an invalid license and by failing to report in writing. Because only one violation is needed to revoke community supervision, the trial court did not abuse its discretion in revoking Appellant's community supervision. *See Smith*, 286 S.W.3d at 342. We overrule Appellant's first issue.

In his second issue, Appellant argues that this court should reexamine the standard of proof required to revoke community supervision. Appellant contends that due process mandates that a violation of any condition of community supervision must be proved beyond a reasonable doubt rather than by a preponderance of the evidence.

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of his revocation decided 'beyond a reasonable doubt'" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972). Thus, as we have explained, the Court of Criminal Appeals has held that the State must prove a violation by a preponderance of the evidence and that proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (burden of proof is by a preponderance of

the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("one sufficient ground for revocation will support the court's order to revoke probation").  Because the Court of Criminal Appeals has held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt.  *See Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd).  We overrule Appellant's second issue.

*Conclusion*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


February 14, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.