# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODNEY DEWAYNE MITCHELL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-441-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rodney Dewayne Mitchell challenges the 180-month sentence imposed following his pleading guilty to having possessed a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court imposed this statutory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on Mitchell's three aggravated-robbery convictions, under Texas Penal Code § 29.03(a). He claims

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10047

this was erroneous because the Texas statute lacks use of force as an element. He also presents other contentions regarding the interaction between § 29.03(a) and § 29.02(a), Texas' robbery statute. These contentions are implicated only if § 29.03 is indivisible under *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Whether an offense qualifies as an ACCA violent felony is reviewed *de novo*. *United States v. Massey*, 858 F.3d 380, 382 (5th Cir. 2017). Our court's precedent forecloses these claims.

Texas' aggravated robbery statute is divisible under *Mathis*, and a conviction for aggravated robbery while using or exhibiting a deadly weapon, § 29.03(a)(2), is a violent felony under the ACCA's use-of-force clause, § 924(e)(2)(B)(i). *United States v. Lerma*, 877 F.3d 628, 634–36 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 2585 (2018). Because *Lerma* establishes § 29.03(a)'s divisibility, it is unnecessary to reach Mitchell's additional claims regarding Texas' robbery statute, § 29.02(a), which, in any event, our court has also rejected. *See United States v. Burris*, 920 F.3d 942, 945, 948 (5th Cir. 2019) (holding Texas' robbery statute, §29.02(a), requires use of physical force and constitutes ACCA predicate offense). Although he claims our court's decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (*en banc*), conflicts with these holdings, that decision has been vacated in the light of *Quarles v. United States*, 139 S. Ct. 1872 (2019). *United States v. Herrold*, 139 S. Ct. 2712 (2019).

Mitchell also claims Texas' robbery statute, § 29.02(a), does not constitute a qualifying robbery offense, pursuant to *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019) (discussing requisite level of force), because it does not require the degree of "physical force" the ACCA does. *See* 18 U.S.C. § 924(e)(2)(B)(i). Because robbery is an element of his aggravated-robbery

2

convictions, *see* Tex. Penal Code § 29.03(a), he therefore contends these convictions are not ACCA predicates.

He did not, however, raise this issue until his reply brief on appeal. Our court normally does not consider such belated claims. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006). Although this rule does not apply "when a new issue is raised in the appellee's brief and the appellant responds in his reply brief", *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009), the Government's brief did not raise the issue of the kind of force required. Nor was this contention unavailable prior to *Stokeling*. *See, e.g., Johnson v. United States*, 559 U.S. 133, 138–41 (2010) (construing "physical force" as used in the ACCA). Accordingly, we decline to address this issue.

Under the modified categorical approach applicable here, *see Lerma*, 877 F.3d at 634–35, it is apparent from the indictments that each of Mitchell's three aggravated-robbery convictions involved his using or exhibiting a deadly weapon, in violation of Texas Penal Code § 23.03(a)(2).

AFFIRMED.