In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00458-CR**

**SHERMAN RAY MARTIN III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court of Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 321528**

**MEMORANDUM OPINION**

A person is guilty of resisting arrest if he intentionally prevents or obstructs a person whom he knows to be a peace officer from affecting an arrest by using force against the officer.[1] In a trial, the jury convicted Sherman Ray Martin III of resisting arrest.[2] Martin appealed. On appeal, Martin filed a brief and argues the evidence is

---

[1]Tex. Penal Code Ann. § 38.03.
[2]The State charged Martin with a Class A misdemeanor. *See id*. § 38.03(c)-(d).

insufficient to support his conviction. We conclude the evidence in Martin's trial, viewed in the light that favors the jury's verdict, supports his conviction.

Background

We review the background facts in the light most favorable to the jury's verdict.[3] In 2019, the State charged Martin with resisting arrest.[4] Martin pleaded not guilty. Four witnesses testified at Martin's trial, all police officers: (1) the officer who arrested Martin, Lieutenant James Sliger; (2) Lieutenant Kenny Spitzer; (3) Officer Daniel McCauley; and (4) Detective Aaron Lewallen. Of these, Lieutenant Sliger was the only witness who testified about why force was needed to accomplish Martin's arrest; the other officers were not present when Martin's arrest occurred.

When he testified, Lieutenant Sliger, an employee of the Beaumont Police Department, explained he was on his way to work when he noticed Martin, who was driving a truck, speeding in a school zone. Lieutenant Sliger stopped Martin by activating the emergency lights on his unmarked Fork Explorer. While in uniform, Lieutenant Sliger approached the driver's window of Martin's truck, but noticed Martin had lowered his window only by about "five inches[.]" When Lieutenant Sliger told Martin to lower it more, Martin refused; instead, with his right hand,

---

[3]*Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).
[4]*See* Tex. Penal Code Ann. § 38.03(a).

Martin reached toward the truck's center console. Lieutenant Sliger opened the driver's door. He instructed Martin to exit the truck. Martin refused. In response, Lieutenant Sliger grabbed Martin and removed him from the truck, holding Martin by his left wrist. According to Lieutenant Sliger, he "didn't know whether [Martin] was going to flee in the vehicle to hide some contraband, retrieve a weapon, so I needed him out into an environment that I could make sure he was safe, pat him down, for me and for him."

Even so, Martin continued to resist Lieutenant Sliger's efforts to detain and question him. According to Lieutenant Sliger, Martin refused to face his truck, and he refused to place his hands behind his back. Martin resisted when Lieutenant Sliger tried to handcuff him. Ultimately, Lieutenant Sliger placed Martin in handcuffs after Martin tried to spin away from Lieutenant Sliger and Lieutenant Sliger tackled Martin and placed him in handcuffs while holding Martin on the ground. Lieutenant Sliger suffered several scratches to his hands in that struggle, which according to Lieutenant Sliger, was needed to arrest Martin that day.

Martin did not testify in his trial. The evidence also did not include a video recording of the arrest since Lieutenant Sliger's police vehicle was not equipped with a camera. Even so, the jury found Martin guilty of resisting arrest, relying on

3

Lieutenant Sliger's account of what occurred that day.[5] On appeal, Martin argues his refusal to cooperate with a police officer's instructions was not an act of force sufficient to constitute resisting arrest. He concludes the Legislature could not have intended to prevent individuals like him from using passive resistance to prevent an officer from arresting someone given the fact the Legislature, in the resisting arrest statute, required the State to prove the defendant, beyond reasonable doubt, resisted arrest with "force."[6]

Analysis

We review sufficiency arguments in criminal appeals under the well-established evidentiary standards in *Jackson*, meaning we review jury verdicts in the light that favors the verdict to determine whether the jury, acting rationally, could have found the defendant guilty of the crime with which he was charged and tried.[7] In our review, we defer to the jury's responsibility "'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"[8] In our role as a reviewing court, we determine "whether the

---

[5]The trial court decided that martin should serve a 180-day sentence, probated for one year, and pay a $500 fine. *Id*. §§ 12.21, 38.03(c).

[6]*Id*. § 38.03(a)

[7]*Jackson,* 443 U.S. at 319; *Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019).

[8]*Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

necessary inferences made by the trier of fact are reasonable, based upon the cumulative force of all of the evidence."[9]

A person commits the offense of resisting arrest "if he intentionally prevents or obstructs a person [who] he knows is a peace officer…from effecting [his] arrest…by using force against the peace officer[.]"[10] In his appeal, Martin does not argue the evidence does not show he did not know that Lieutenant Sliger was not a peace officer because he was in an unmarked car. Rather, Martin argues the evidence is insufficient to show he obstructed his arrest by "using force against" the Lieutenant.

A person acts with intent "when it is his conscious objective or desire to engage in the conduct or cause the result."[11] Juries may infer intent from circumstantial evidence, such as the accused's acts, words, and conduct.[12] The phrase "using force against the peace officer" means "violence or physical aggression, or an imminent threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another."[13] And evidence that a

---

[9]*Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *see also Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012).
[10]Tex. Penal Code Ann. § 38.03(a).
[11]*Id*. § 6.03(a)
[12]*Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).
[13]*Finley v. State*, 484 S.W.3d 926, 928 (Tex. Crim. App. 2016) (quoting Tex. Penal Code § 38.03(a) and *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014)).

person used force to shake off an officer's detaining grip (whether by pushing or pulling) may be enough to sustain a conviction for resisting arrest.[14]

In addressing whether passive resistance counts as "force," we do not write on a clean slate.[15] In *Finley*, the Court of Criminal Appeals explained that evidence showing the defendant's act of pulling his arm away from the officer to prevent the officer from putting the defendant in handcuffs was evidence that supported the defendant's conviction for resisting arrest was "force" sufficient to constitute the force needed to violate section 38.03(a) of the Texas Penal Code.[16] As an intermediate court, we are required to follow the construction of the statute the Court of Criminal Appeals used in *Finley*.[17]

The record shows Martin repeatedly used force in refusing to cooperate with Lieutenant Sliger's demands. For instance, the jury heard Lieutenant Sliger testify that after cuffing Martin's left hand, Martin spun to his left, breaking his right hand free which had been in the grasp of Lieutenant Sliger's right hand. The jury also heard Lieutenant Sliger testify that he cuffed Martin's hands only after he pinned

---

[14]*Clement v. State*, 248 S.W.3d 791, 797 (Tex. App.—Fort Worth 2008, no pet.).

[15]*Finley*, 484 S.W.3d at 929.

[16]*Id*.

[17]*State Oil Co. v. Khan*, 522 U.S. 3 (1997); *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) *aff'd sub nom*, *State v. Colyandro*, 233 S.W.3d 870, 871 (Tex. Crim. App. 2007).

Martin to the ground, using his "strength" to pull Martin's arms from beneath his body. We conclude the evidence allowed the jury to reasonably conclude that Martin used "force" to resist his arrest, and that by doing so, he violated section 38.03(a) of the Texas Penal Code.

It thus follows that under the *Jackson* standard, the jury could rationally find Martin guilty of resisting arrest.[18]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 25, 2021
Opinion Delivered February 23, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

[18]*Jackson,* 443 U.S. at 319; *Couthren*, 571 S.W.3d at 789.