**Opinion issued March 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00260-CR

————————————

**FRANCISCO FLORES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1524645

## O P I N I O N

A jury found Francisco Flores guilty of the solicitation of capital murder. Flores contends on appeal that the trial court erred by not including a mistake-of-fact instruction in the jury charge. Finding no error, we affirm.

## BACKGROUND

A grand jury indicted Flores for the solicitation of capital murder. *See* TEX. PENAL CODE §§ 15.03(a), 19.03(a)(3). Flores pleaded not guilty and the charged offense was tried to a jury, which found him guilty and assessed his punishment at 12 years' confinement and a $10,000 fine.

At trial, the State's witnesses testified that Flores paid J. Duran, an undercover officer with the Houston Police Department, $1,500 to kill Jose Montelongo, the husband of a woman with whom Flores was having an extramarital affair. A coworker whom Flores believed to be a drug trafficker, but who was actually an informant for the Drug Enforcement Agency, introduced Flores to Duran after Flores sought the informant's assistance in arranging for Montelongo's murder.

In his dealings with the informant and Duran, Flores used the word *piso*, the Spanish word for "floor," to describe what he wanted done to Montelongo. The informant testified that *piso* is commonly used as slang in the illegal drug trade to mean "to kill." Duran similarly testified that *piso* meant "to murder." Flores disputed this, testifying that *piso* is slang meaning "to hit somebody, to floor them, to make them kiss the ground." Flores testified that he did not want Montelongo dead; he merely wanted Duran to threaten Montelongo or knock him out so that he would stop beating his wife.

Flores further testified that the informant understood that Flores just wanted Montelongo threatened or assaulted, not killed. Flores conceded that, when he met Duran, Duran spoke as if he was being hired to commit a murder. In that conversation, Duran did not use the word *piso* and instead unambiguously discussed killing Montelongo. Flores, however, claimed he "played along" with Duran's talk of murder at the informant's urging. Flores explained that, before they met with Duran, the informant had told him that Duran might "say some crazy things" but that Duran worked for the informant and would follow instructions and not take things further than Flores desired. When Flores expressed concern about Duran's talk of murder after their meeting, the informant again told him not to worry and "keep playing along."

Based on his testimony that he only intended to hire Duran to threaten or assault Montelongo, Flores asked the trial court to include a mistake-of-fact instruction in the jury charge. The trial court denied the request. Flores contends that the trial court erred in denying this request.

## DISCUSSION

### I. Preservation of Error

The State contends that Flores did not preserve error with respect to the trial court's refusal to include a mistake-of-fact instruction. The State argues that Flores

did not specify the fact about which he was mistaken with sufficient clarity or adequately inform the trial court as to how the jury should have been instructed.

## A. Applicable law

A trial court is obligated to prepare a jury charge that accurately states the law applicable to the charged offense. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). But trial courts are not required to include an instruction on a defensive issue, like mistake of fact, unless the defendant requests it or objects to its omission. *Posey v. State*, 966 S.W.2d 57, 59–60, 62 (Tex. Crim. App. 1998); *Acosta v. State*, 411 S.W.3d 76, 88 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Absent a timely and proper request or objection, the defendant cannot claim error on appeal based on the trial court's failure to instruct the jury as to a defensive issue. *Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013); *Mays v. State*, 318 S.W.3d 368, 382–83 (Tex. Crim. App. 2010). A defendant preserves error as to a defensive instruction so long as his request or objection conveys the substance of his complaint to the trial court well enough to put the court on notice of the omission or error in the charge. *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007); *Jackson v. State*, 288 S.W.3d 60, 63 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

## B. Analysis

Defense counsel noted that a draft version of the jury charge omitted an instruction as to mistake of fact and he requested that one be included. He argued

4

that Flores thought he had hired Duran to threaten or hurt Montelongo, not to kill him, and that this misunderstanding on Flores's part entitled him to the instruction. The trial court denied defense counsel's request on the ground that Flores conceded both that Duran told him that he was going to kill Montelongo and that he did not misunderstand Duran. This colloquy between the trial court and defense counsel shows that the trial court understood the basis for counsel's request for a mistake-of-fact instruction but disagreed that Flores's testimony raised the defense. Flores adequately conveyed the substance of his complaint to the trial court and thus preserved the issue for appellate review.

## II.    Mistake of Fact

Flores contends that he was mistaken as to the true nature of his agreement with Duran, believing that he had hired Duran to commit an assault at most. The State responds that Flores was not mistaken about any fact that could support a mistake-of-fact defense and thus was not entitled to an instruction on this issue.

### A.    Applicable law

To secure Flores's conviction for solicitation of capital murder, the State was required to prove beyond a reasonable doubt that (1) he intended that Duran commit capital murder by killing Montelongo; and (2) under the circumstances as Flores believed them to be, killing Montelongo would constitute capital murder. *See* TEX.

PENAL CODE § 15.03(a); *Bien v. State*, 550 S.W.3d 180, 185–86 (Tex. Crim. App. 2018).

It is a defense that the defendant "through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE § 8.02(a). "Kind of culpability" refers to the mental state required for criminal responsibility. *Celis v. State*, 416 S.W.3d 419, 430–31 (Tex. Crim. App. 2013). Thus, a mistake-of-fact defense turns on the mistaken belief of the defendant, not others, and considers the conduct of others only to the extent that it contributes to the defendant's belief. *Montgomery v. State*, 588 S.W.2d 950, 953 (Tex. Crim. App. [Panel Op.] 1979); *Johnson v. State*, 734 S.W.2d 199, 203 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd).

If the evidence raises a mistake-of-fact defense and the defendant requests an instruction, the trial court must instruct the jury on the defense. *Jackson v. State*, 646 S.W.2d 225, 226–27 (Tex. Crim. App. 1983); *Williams v. State*, 930 S.W.2d 898, 902 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). The trial court must do so regardless of the strength of the evidence. *Anderson v. State*, 11 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). The reasonableness of the defendant's mistaken belief is a question for the jury. *Granger v. State*, 3 S.W.3d 36, 39–40 (Tex. Crim. App. 1999); *Anderson*, 11 S.W.3d at 372. But if the evidence,

when viewed in a light most favorable to the defendant, does not establish a mistake-of-fact defense, an instruction is not required. *Anderson*, 11 S.W.3d at 372.

### B.    Analysis

The jury was presented with a straightforward factual dispute. The State's witnesses testified that Flores hired Duran to murder Montelongo; Flores testified that he hired Duran to threaten or assault Montelongo. Had the jury believed Flores's version of events, it would have been obliged to render a not-guilty verdict under the charge given by the trial court, because his testimony, if credited, would have negated an essential element of the offense—the intent to hire another to commit murder. *See* TEX. PENAL CODE § 15.03(a); *Bien*, 550 S.W.3d at 185. When viewed in the light most favorable to Flores, however, his testimony does not show any fact about which he purports to have been mistaken that would negate his culpability.

Flores did not testify that he was mistaken about the meaning of *piso*. He simply disagreed with the State's witnesses about its meaning, testifying that *piso* does not mean "to kill." Nor did Flores claim that the informant misunderstood his intentions. Flores instead testified that the informant knew that Flores did not want Montelongo killed. Flores likewise did not testify that there was a miscommunication between him and Duran. Flores understood that Duran openly spoke of killing Montelongo. According to Flores, he "played along" despite Duran's talk of murder because the informant reassured him that Duran would do as

7

instructed regardless of what Duran actually said. In short, Flores's defense was that he did not intend to hire Duran to commit murder, not that he had been mistaken about any particular fact.

The circumstances of this case resemble those of *Aleman v. State*, 497 S.W.3d 518 (Tex. App.—San Antonio 2016, no pet.). In *Aleman*, the defendant was tried for solicitation of prostitution. *See id.* at 519–20. In a video recording shown to the jury, he asked an undercover officer posing as a prostitute how much she charged for certain sex acts. *Id.* at 520. Testifying in his own defense, he conceded that he asked her, "how much," and agreed to meet her in an alley where he could pick her up. *Id.* at 520–21. On appeal, he contended that the trial court erred in denying his request that the jury be instructed on mistake of fact. *Id.* at 524. He argued that he was entitled to the instruction based on his testimony that he did not agree to pay for sex and had no intention of doing so. *See id.* at 526–27. The court of appeals affirmed the trial court, holding that the defendant's contention that he did not intend to pay the undercover officer for sex was not a mistake of fact as that defense is defined by statute. *See id.*; *see also* TEX. PENAL CODE § 8.02(a).

Like the defendant in *Aleman*, Flores testified that he did not have the intent necessary to commit the charged offense, solicitation of capital murder, not that he was mistaken about a fact that negated his culpability for that offense. We therefore overrule his contention that the trial court erred by not instructing the jury on mistake

of fact. As the omission of the instruction was not error, we need not address the parties' arguments as to whether its absence caused any harm. *See Thompson v. State*, 227 S.W.3d 153, 164 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Publish.  TEX. R. APP. P. 47.2(b).