

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00036-CR

_____

COREY DEWAYNE WILBERT, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 76th District Court
Camp County, Texas
Trial Court No. CF-17-01787

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Corey Dewayne Wilbert admitted that he shot Julian B. Toro during an exchange of gunfire. Wilbert argued self-defense at his trial for Toro's murder. After a Camp County jury rejected his self-defense theory, Wilbert was convicted of murder, sentenced to ninety-nine years' imprisonment, and ordered to pay a $10,000.00 fine. On appeal, Wilbert argues that the trial court erred (1) in allowing a forensic pathologist to testify about an autopsy she did not conduct, (2) in sustaining the State's hearsay objection to a Texas Ranger's testimony about a conversation with a witness, (3) in allowing extraneous offenses to be admitted, and (4) in failing to instruct the jury on the defense of property.

We find that the trial court did not abuse its discretion in admitting the forensic pathologist's testimony and that Wilbert failed to preserve his remaining points of error for our review. We also find that the trial court's judgment must be modified to show that Wilbert owes no attorney fees for his court-appointed counsel. As modified, we affirm the trial court's judgment.

## I. The Trial Court Did Not Abuse Its Discretion in Overruling Wilbert's Confrontation Clause Objection

In his first point of error, Wilbert argues that the trial court erred in overruling his objection to testimony from Danielle Armstrong, a forensic pathologist who specialized in "post-mortem examinations to establish a cause of death." "We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d

571, 579 (Tex. Crim. App. 2008) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

At trial, Armstrong clarified that Toro's autopsy was performed by Dr. Robert Lyons, who became ill and left the practice. Although the State did not offer the autopsy report into evidence, the autopsy photographs were admitted without objection. Armstrong testified that, based on her review of the autopsy report and photographs, Toro's cause of death was "a gunshot wound of the head" and manner of death was homicide. Armstrong explained to the jury that the photographs showed evidence of an intermediate-range gunshot wound.

The Sixth Amendment's Confrontation Clause provides that a defendant in a criminal prosecution "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This right applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *See Crawford v. Washington*, 541 U.S. 36, 50–51 (2004). Wilbert argues that Armstrong's testimony violated the Confrontation Clause because it was based, in part, on an autopsy that she did not perform and a report she did not prepare.[1] We have previously rejected the substance of Wilbert's argument.

---

[1] The State argued that Wilbert failed to preserve his Confrontation Clause argument. We disagree. The record shows that the following discussion occurred before Armstrong's testimony:

> [BY THE STATE]: Just in case [defense counsel] hasn't noticed yet, the medical examiner who is going to be testifying is not the one who performed the autopsy, so if you have any kind of

3

"Autopsy reports are testimonial where an objective medical examiner would reasonably believe that his report would be used in a later prosecution." *Williams v. State*, 513 S.W.3d 619, 637 (Tex. App.—Fort Worth 2016, pet. ref'd) (citing *Lee v. State*, 418 S.W.3d 892, 896 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Wood v. State*, 299 S.W.3d 200, 209–10 (Tex. App.—Austin 2009, pet. ref'd)). Here, the autopsy report was never admitted, and "photographs are nontestimonial in nature for the purposes of the Confrontation Clause." *Moore v. State*, 553

---

argument or anything. I wanted to point that out in case you wanted to make some kind of argument or something.

> [BY THE DEFENSE]: Well, I would argue that if you're going to put up a report, I want the party that did it.

> [BY THE STATE]: Well, I'm not offering the report. The case law is pretty clear that somebody else can make their own opinion based on, you know, the autopsy report, pictures, medical records, whatever, and they can have their own opinion. If I go so far as to offer the report by somebody else, the report is obviously testimonial.

> THE COURT: He's got a right to cross[-] examine the author of the report.

> [BY THE STATE]: But the other medical examiner can testify as to her own opinions based on whatever she reviews.

> [BY THE DEFENSE]: She didn't do it, and there's a difference. . . . Your Honor, I have an objection to any testimony that's about to be given simply because that information that's in there is not the medical examiner that actually processed the body.

> THE COURT: Overrule the objection, and the exhibit is received.

According to the State, "Wilbert's objection could be interpreted in any number of ways. It could be a hearsay objection. It could be an objection that the testifying medical examiner did not have personal knowledge of the autopsy." For this reason, the State argues that a Confrontation Clause objection is not preserved. However, if it is apparent from the record that the trial court understood the objection and its grounds, error is preserved. *See Dixon v. State*, 928 S.W.2d 564, 564–65 (Tex. Crim. App. 1996) (per curiam); *Kelly v. State*, 529 S.W.3d 504, 513 n.6 (Tex. App.—Texarkana 2017, no pet.); *Taylor v. State*, 93 S.W.3d 487, 504 (Tex. App.—Texarkana 2002, pet. ref'd). Because the trial court stated, "He's got a right to cross[-]examine the author of the report," we find that it understood counsel was lodging a Confrontation Clause objection to Armstrong's testimony.

That said, Wilbert's appellate brief raises issues in this multifarious point of error which were not preserved at trial, including that Armstrong's testimony violated the best-evidence rule and a challenge to her qualifications as an expert. We overrule these unpreserved issues. *See* TEX. R. APP. P. 33.1.

S.W.3d 119, 123 (Tex. App.—Texarkana 2018, pet. ref'd) (citing *Herrera v. State*, 367 S.W.3d 762, 773 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Wood*, 299 S.W.3d at 214–15); *see Williams v. State*, 513 S.W.3d 619, 637 (Tex. App.—Fort Worth 2016, pet. ref'd). In such cases, we have concluded that an expert's "independent conclusion based on her review of the autopsy report, photographs, and [histological] slides . . . d[oes] not violate the Confrontation Clause merely because it was based, to some degree, on inadmissible evidence." *Moore*, 553 S.W.3d at 123 (citing *Paredes v. State*, 462 S.W.3d 510, 517–18 (Tex. Crim. App. 2015); TEX. R. EVID. 703 ("providing that an expert may base an opinion on facts or data that is not admissible in evidence, provided that they are of a type on which experts in the field can reasonably rely"); *Martinez v. State*, 22 S.W.3d 504, 508 (Tex. Crim. App. 2000)).

Given our precedent in *Moore*, we conclude that the trial court did not abuse its discretion in overruling Wilbert's Confrontation Clause objection. For that reason, we overrule Wilbert's first point of error.

## II. Wilbert's Complaint that the Trial Court Erred in Sustaining the State's Hearsay Objection Is Unpreserved

In his second point on appeal, Wilbert argues that the trial court erred in excluding a report authored by Chris Baggett, a Texas Ranger, and in disallowing his testimony about statements made by a witness during an interview. We find this issue unpreserved because the report was not offered into evidence and Wilbert failed to make an offer of proof of Baggett's testimony.

Baggett testified that he interviewed a witness who reported he had already been interviewed by another officer. The State lodged a hearsay objection to this testimony, which the trial court overruled. Baggett continued to testify about his conversation with the witness. When

5

Baggett could not recall a few details of the conversation, Wilbert's counsel requested that Baggett be allowed to review a recording of his interview outside the jury's presence to refresh his recollection. After the jury was excused, the State reiterated its objection that Baggett's testimony "about what somebody else said out of court" was hearsay.

The entire recorded interview with the witness was played for Baggett to refresh his recollection, and he was also allowed to review his report. The recording and report were not offered into evidence.[2] After Baggett's memory was refreshed, the trial court heard the "admissibility question regarding a hearsay objection made by [the State] as to questions that [Wilbert] propounded to the Ranger." The State argued, "[T]here's a difference between the chief investigating officer relying on hearsay in his investigation and explaining why he has certain conclusions and just basically soliciting a one-sided deposition that also includes relevancy issues. That's my hearsay objection." Wilbert did not respond to the argument on the record. The trial court sustained the State's objection and allowed Wilbert to make an offer of proof that would have demonstrated which statements Wilbert sought to elicit from Baggett. Wilbert did not make an offer of proof.

We conclude that Wilbert has failed to preserve his second point of error.

Under Texas Rule of Evidence 103,

A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:

. . . .

---

[2]The record demonstrated that the recording was offered as a court exhibit simply for the purpose of refreshing Baggett's recollection. On appeal, Wilbert does not argue that the recording was offered or should have been admitted.

> (2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.

TEX. R. EVID. 103(a)(2). An offer of proof is necessary "to enable an appellate court to determine whether the exclusion was erroneous and harmful" and "to permit the trial judge to reconsider his ruling in light of the actual evidence." *Mays v. State*, 285 S.W.3d 884, 890 (Tex. Crim. App. 2009) (quoting Steven Goode et. al., 1 *Texas Practice Series—Guide to the Texas Rules of Evidence: Civil and Criminal* § 103.3 (2d ed. 1993)); *Fahrni v. State*, 473 S.W.3d 486, 500–01 (Tex. App.—Texarkana 2015, pet. ref'd). "The complaining party may make his offer of proof through questions and answers, or by counsel making a concise statement of the evidence." *Fahrini*, 473 S.W.3d at 500 (citing *Mays*, 285 S.W.3d at 889).

Because Wilbert did not offer Baggett's report into evidence, it is not contained in the appellate record. The trial court allowed Wilbert the opportunity, but he made no offer of proof about the contents of the report or the testimony he sought to elicit from Baggett. On appeal, his brief does not specify the contents of any particular statement that was excluded but should have been admitted.

Also, although he failed to do so at trial, Wilbert argues that the statement against interest exception to the hearsay rule should have been utilized by the trial court to admit Baggett's unidentified testimony about his conversation with the witness. As the Texas Court of Criminal Appeals stated in *Golliday v. State*,

> While no "hyper-technical or formalistic use of words or phrases" is required in order to preserve error, the proffering party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge

7

to understand him at a time when the judge is in the proper position to do something about it."

*Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)). "[I]n order to preserve an argument that the exclusion of defensive evidence violates [particular grounds], a defendant must state the grounds for the ruling that he seeks with sufficient specificity to make the court aware of" them. *Id.* at 670–71.

We overrule Wilbert's second point of error because it was unpreserved.

## III. Wilbert's Complaint About Admission of Extraneous-Offense Evidence Is Unpreserved

In his third point of error, Wilbert argues that the trial court erred in admitting extraneous-offense evidence. To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). The trial court also must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Our record shows that Wilbert failed to preserve his third point of error for our review.

Before trial, Wilbert filed an objection to the admissibility of extraneous offenses and requested a pretrial evidentiary hearing. There is no record of a pretrial evidentiary hearing, and nothing shows that the trial court ruled on the written objection.[3] Instead, Wilbert secured only a

---

[3]In his brief, Wilbert writes, "The record of that [pretrial] hearing, and of the trial court's ruling, are not contained in the record." The State responds that, while "[Wilbert] . . . had a motion for a ruling on the admission of extraneous conduct," he "never brought [it] . . . to the attention of the Trial Court or sought a ruling." It is the "appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred." *Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007).

ruling on a motion in limine with respect to extraneous offenses. "A motion in limine is only 'a preliminary matter and normally preserves nothing for appellate review.'" *Davlin v. State*, 531 S.W.3d 765, 768 (Tex. App.—Texarkana 2016, no pet.) (quoting *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)). "For error to be preserved with regard to the subject matter of the motion in limine it is absolutely necessary that an objection be made at the time when the subject is raised during trial." *Gonzales v. State*, 685 S.W.2d 47, 50 (Tex. Crim. App. 1985).

Wilbert admits, and the record shows, that, when the extraneous offenses were offered into evidence, Wilbert affirmatively stated he had "[n]o objection" to the State's use of the extraneous offenses. As a result, we find that Wilbert failed to preserve his third point of error. It is thus overruled.[4]

## IV. Wilbert Did Not Preserve Any Complaint About the Omission of a Jury Instruction on Defense of Property

In his last point of error, Wilbert argues that the trial court erred in omitting an instruction on the defense of property. Because Wilbert did not request this defensive instruction, he failed to preserve this point for our review.

A trial court has a duty to instruct the jury sua sponte on any law applicable to the case. *Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013); *Posey v. State*, 966 S.W.2d 57, 62

---

[4]Wilbert also complains of the lack of an instruction on the extraneous-offense evidence. This complaint lacks merit since the trial court's jury charge contained the following extraneous-offense instruction:

> The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. This evidence was admitted only for the purpose of assisting you, if it does, for the purpose of showing the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if any. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that the defendant committed these acts, if any, were committed [sic].

(Tex. Crim. App. 1998). Even so, in *Posey v. State*, the Texas Court of Criminal Appeals held that a trial judge is not "required to *sua sponte* instruct the jury on a . . . 'defensive issue' because a 'defensive issue' is not 'applicable to the case' unless the defendant timely requests the issue or objects to the omission of the issue in the jury charge." *Posey*, 966 S.W.2d at 62. "The purpose of the *Posey* rule is to prevent a party from 'sandbagging' the trial judge by failing to apprise him, and the opposing party, of what defensive jury instructions the party wants and why he is entitled to them." *Mays v. State*, 318 S.W.3d 368, 383 (Tex. Crim. App. 2010). As a result, "[a]bsent a timely and proper request or objection, the defendant cannot claim error on appeal based on the trial court's failure to instruct the jury as to a defensive issue." *Flores v. State*, 573 S.W.3d 864, 867 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (citing *Zamora*, 411 S.W.3d at 513; *Mays*, 318 S.W.3d at 382–83); *see Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008) ("[A] party can forfeit the right to complain about the omission of a defensive issue because the defensive issue must be requested before the trial court has a duty to place it in the charge, and so no 'error' occurs absent a request.").

Our review of the appellate record shows that, while Wilbert requested instructions on self-defense, he did not request jury instructions on defense of property. Because he did not preserve his jury charge issues, we overrule Wilbert's last point of error.

## V.     We Modify the Judgment by Deleting the Reference to Attorney Fees

Though we resolved Wilbert's points of error against him, our review of the record shows that the trial court's judgment must be modified. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of

10

the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

In the space where the trial court would typically memorialize an assessment of attorney fees, the judgment contains the phrase "to be determined." The record indicates that the trial court found Wilbert indigent at trial. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.); *see Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). Also, the trial court expressly found Wilbert indigent on appeal.

"An assessment of attorney fees against an indigent defendant, to be determined in the future, is improper." *Priego v. State*, 457 S.W.3d 565, 571 (Tex. App.—Texarkana 2015, pet. ref'd). Article 26.05(g) of the Texas Code of Criminal Procedure "requires a present determination of financial resources and does not allow speculation about possible future resources." *Id.* (quoting *Cates*, 402 S.W.3d at 252). As a result, we modify the trial court's judgment by deleting the phrase "to be determined" and substituting an assessment of $0.00 for attorney fees.

11

## VI.    Conclusion

We modify the trial court's judgment by deleting the phrase "to be determined" and substituting an assessment of $0.00 for attorney fees.  As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    October 8, 2019
Date Decided:    October 30, 2019

Do Not Publish