**Opinion filed February 8, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00242-CR

_____

## ARMANDO SAUZAMEDA MENDOZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CR165346**

## M E M O R A N D U M   O P I N I O N

Appellant, Armando Sauzameda Mendoza, was arrested at a bar and charged with resisting arrest, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.03(a), (c) (West 2016). The jury found Appellant guilty, and, pursuant to the parties' agreement on punishment, the trial court assessed his punishment at a $1,000 fine. Appellant raises two issues on appeal: first, that the trial court erred in refusing to include a mistake-of-fact instruction in the jury charge upon Appellant's request,

and second, that the evidence was "legally insufficient to show that [Appellant] used force 'against' the officer." We first address the second issue on sufficiency of the evidence. We reverse and remand for a new trial on Appellant's first issue.

*Factual and Procedural History*

On April 28, 2018, Midland Police Officer Joel Covarrubio was providing security while off duty at a bar in Midland County. Appellant was at the bar that evening, and Officer Covarrubio testified that Appellant was involved in a disturbance inside the bar. Appellant was escorted outside and Officer Covarrubio testified that he warned Appellant to leave and when he did not leave, the officer attempted to place him under arrest. Officer Covarrubio did not tell Appellant he was under arrest at that time or at any point after. Appellant did not struggle or resist arrest following the "take-down."

While Appellant admitted that he tried to stop Officer Covarrubio from grabbing his wrists and "pulled it away," Appellant testified that he did not know he was being placed under arrest and only thought he was being told to leave the premises. During the charge conference, Appellant's counsel requested that the trial court include a mistake-of-fact instruction and presented a proposed instruction, but the trial court denied his request. The jury found Appellant guilty of resisting arrest as charged in the information.

*Issue Two: Sufficiency*

Laying aside for the moment Appellant's first issue—that of the trial court's refusal to give a mistake-of-fact instruction to the jury, in Appellant's second issue, he argues that the evidence of his "use of force against" the officer is legally insufficient because "merely pulling away" is not adequate force.[1] Appellant argues

---

[1] In Appellant's second issue he does not address, and we therefor do not address the issue of Appellant's *mens rea* in our evidentiary analysis. Instead, we focus upon the element of "using force against the peace officer" per Section 38.03(a) of the Texas Penal Code.

2

that because only pulling away is insufficient to constitute force, the verdict is contrary to the evidence. We disagree.

*Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288−89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Brooks*, 323 S.W.3d at 895; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all the evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As such, we must defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are based on the combined and cumulative force of all the evidence when viewed in the light

3

most favorable to the verdict. *Clement v. State*, 248 S.W.3d 791, 796 (Tex. App.— Fort Worth 2008, no pet.). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525−26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

*Applicable Law and Analysis*

To commit the offense of resisting arrest, a person must "intentionally prevent or obstruct a person he knows is a peace officer . . . from effecting an arrest . . . by using force against the peace officer." *See* PENAL § 38.03(a). The Court of Criminal Appeals has defined the phrase "by using force against a peace officer or another" as some sort of "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another." *Finley v. State*, 484 S.W.3d 926, 928 (Tex. Crim. App. 2016) (citing *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014)). Even forcefully pulling away from an officer is enough to satisfy the "in opposition or hostility to" a police officer requirement. *Id.*

The force must occur while the officer is attempting to effectuate an arrest, complete a search, or transport the actor. *See* PENAL § 38.03(a). In the context of Section 38.03, "effecting an arrest" is not an easily ascertainable moment in time. *Black v. State*, No. 04-12-00268-CR, 2013 WL 2368297, at *5 (Tex. App.—San Antonio May 29, 2013, no pet.) (citing *Lewis v. State*, 30 S.W.3d 510, 512 (Tex. App.—Amarillo 2000, no pet.)). "Effecting an arrest" entails a process or transaction and has a beginning and end, that must be determined based on the circumstances. *Black*, 2013 WL 2368297, at *5; *Lewis*, 30 S.W.3d at 512. Importantly, the intentional use of force by the defendant must exist within that transactional period. *Black*, 2013 WL 2368297, at *5; *Lewis*, 30 S.W.3d at 512.

4

"The moment an officer begins his efforts to gain control or physically restrain an individual until that individual is restrained or controlled, the officer is 'effecting an arrest.'" *Black*, 2013 WL 2368297, at *5 (citing *Latham v. State*, 128 S.W.3d 325, 329 (Tex. App.—Tyler 2004, no pet.)).

Here, Appellant does not dispute on appeal that he did pull away from Officer Covarrubio, and only argues that this act is not "force" under the law. First, the cases cited by Appellant to support his position that pulling away is not "force" under the law were all issued prior to the Court of Criminal Appeals opinion in *Finley* in 2016. *See Finley*, 484 S.W.3d at 928 (where even pulling away from an officer is enough to satisfy the "in opposition or hostility to" a peace officer requirement in the statute). Second, the evidence presented at trial provides support for the State's claim that Appellant did pull away after Officer Covarrubio testified that he began the process of arresting Appellant, but before the arrest was completed. Officer Covarrubio testified that he attempted to take Appellant into custody, and when he grabbed Appellant to do so, Appellant pulled away. Appellant testified that he did not know he was being placed under arrest, but that testimony does not dispute that Appellant pulled away from the officer during his efforts to arrest.

Because the jury is the sole judge of the credibility of the evidence, the jury could have determined that Appellant pulled away from the officer and that—at the time Appellant pulled away—the officer was attempting to effect an arrest of Appellant. *See Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. Thus, under those circumstances, and assuming the required *mens rea*, the evidence is sufficient to support that Appellant used the force necessary to support his conviction. *See Finley*, 484 S.W.3d at 928. We overrule Appellant's second issue.

*Issue One: Mistake-of-Fact Jury Instruction*

In Appellant's first issue, he complains that the trial court improperly refused his requested mistake-of-fact instruction. Appellant argues that if he was mistaken about whether he was under arrest, it would negate the necessary mental culpability for the offense. We agree.

*Standard of Review*

We review complaints of jury-charge error under a two-step process. *See Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2004); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). First, we must determine whether error exists in the trial court's charge. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). Second, if there is an error, we are required to determine whether the lack of the required instruction caused sufficient harm to require reversal of the conviction. *Id.* As a defensive issue, the defendant must request a mistake-of-fact instruction or object to its omission in the trial court's charge to invoke the harm analysis set forth in *Almanza*. *Williams v. State*, 662 S.W.3d 452, 460 (Tex. Crim. App. 2021); *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (the trial court does not commit error, and *Almanza* does not apply, when a trial court fails to sua sponte instruct the jury on the defensive issue of mistake-of-fact); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

It is a defense to prosecution that the defendant "through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." PENAL § 8.02(a) (West 2021). For this defense to apply, the defendant must have been mistaken about a specific historical fact that, if true, would negate the mental state required for conviction. *See Celis v. State*, 416 S.W.3d 419, 431 (Tex. Crim. App. 2013) (citing to *Thompson v. State*, 236 S.W.3d 787, 798 (Tex. Crim. App. 2007) (holding that "an

6

instruction on mistake of fact is limited to any culpable mental state required for the offense.")). A defendant's mistaken belief that his conduct was lawful is not a mistake of fact for purposes of this defense. *See Plummer v. State*, 426 S.W.3d 122, 128 (Tex. App.—Houston [1st Dist.] 2012), *aff'd as modified*, 410 S.W.3d 855 (Tex. Crim. App. 2013).

Upon request, a defendant is entitled to a mistake-of-fact instruction if the issue is raised by the evidence, even if that evidence is weak or controverted. *Celis*, 416 S.W.3d at 430; *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). But if the evidence, when viewed in the light most favorable to the defendant, does not establish this defense, the instruction is not required. *Flores v. State*, 573 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd).

If the trial court does err in refusing a mistake-of-fact instruction, we must then determine whether the lack of the required instruction caused sufficient harm to require reversal of the conviction. *Williams*, 662 S.W.3d at 460–61. If the defendant preserved error by timely objecting to the trial court's charge, we will reverse if he demonstrates that he suffered *some harm* as a result of the trial court's error. *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018); *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). To determine harm, we weigh the following factors: (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) any other relevant factors present in the record. *Reeves*, 420 S.W.3d at 816. Under the "some harm" standard, reversal is required if the error is "calculated to injure the rights of the defendant." *Almanza*, 686 S.W.2d at 171. The standard thus requires a reviewing court to examine the record to determine whether "actual, not just theoretical, harm" occurred. *Id.* at 174; *see Cornet v. State*, 417 S.W.3d 446, 449–50 (Tex. Crim. App. 2013). Even under

the "some harm" standard, an error will not lead to reversal if it is harmless. *See Almanza*, 686 S.W.2d at 171.

*Applicable Law and Analysis*

Appellant argues that the trial court improperly refused the requested mistake-of-fact instruction because Appellant did not possess the necessary *mens rea* to commit the offense of resisting arrest, in that he had a mistaken belief that he was not under arrest. Appellant successfully preserved the claimed error. *See Reeves*, 420 S.W.3d at 816; *Oursbourn v. State*, 259 S.W.3d 159, 174 (Tex. Crim. App. 2008).

Under Section 38.03(a) of the Texas Penal Code, a person commits the offense of resisting arrest, search, or transportation if:

> [H]e *intentionally* prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

PENAL § 38.03(a) (emphasis added). At trial, Appellant's counsel objected to the jury charge and requested—in part—the following instruction on mistake of fact:

> If you have found that the state has proved the offense beyond a reasonable doubt, you must next decide whether the state has proved the defendant did not make a mistake of fact constituting a defense.
>
> To decide the issue of mistake of fact, you must determine whether the state has proved, beyond a reasonable doubt, that either --
>
> 1.  the defendant did not believe officers were trying to arrest him when they initially grabbed at his hands; or
>
> 2.  the defendant's belief that officer [sic] were not trying to arrest him was not reasonable.

8

. . . .

> If you find that the state has failed to prove, beyond a reasonable doubt, either element 1 or 2 listed above, you must find the defendant "not guilty."

The State responded that Appellant's belief that the officers were not trying to arrest him was a credibility determination reserved for the jury. The trial court refused to include the instruction and noted Appellant's exception to its ruling.

### A. *Jury instruction on mistake-of-fact should have been given*

We conclude that Appellant was entitled to the instruction on mistake of fact because he raised evidence that he did not know he was being placed under arrest at the time he pulled away from Officer Covarrubio. *See Allen*, 253 S.W.3d at 267. Appellant testified that he was not aware he was being placed under arrest, and Officer Covarrubio testified he had not told Appellant he was being arrested. That evidence, viewed in the light most favorable to Appellant, is sufficient to entitle Appellant to a mistake-of-fact instruction. *See Allen*, 253 S.W.3d at 267; *Flores*, 573 S.W.3d at 868. The trial court should have granted Appellant's request for a mistake-of-fact instruction, and on appeal, *the State concedes this error*. *See Celis*, 416 S.W.3d at 430; *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991).

### B. *Sufficient harm to require reversal*

We next determine whether the lack of instruction caused sufficient harm to require reversal. As we have said, we weigh the following factors when considering whether the record shows that Appellant suffered "some harm": (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) any other relevant factors present in the record. *Reeves*, 420 S.W.3d at 816. The "some harm" standard is a low threshold. *Navarro v. State*, 469 S.W.3d 687, 700 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Neither party bears the burden on appeal to prove harm. *Warner v. State*, 245 S.W.3d 458, 462 (Tex. Crim. App.

9

2008). Appellant argues on appeal that the lack of a mistake-of-fact instruction was fatally defective and harmful.[2]

The trial court's charge permitted the jury to find that Appellant intended to pull away from the officer, but it did not distinguish for the jury that, in pulling away, if it found that Appellant did not reasonably believe that the officers' actions were to arrest him, but rather were merely to require him to leave the premises, it should acquit the defendant. In addition, nothing in the trial court's charge suggests that the jury *could* consider Appellant's mistake-of-fact defense when determining whether he was guilty of resisting arrest. *See Holloway v. State*, No. 03-22-00268-CR, 2023 WL 4981603, at *9 (Tex. App.—Austin Aug. 4, 2023, pet. ref'd). Thus, the first factor supports that Appellant suffered some harm by the trial court's refusal to include a mistake-of-fact instruction.

Following the trial court's refusal to include a mistake-of-fact instruction in the jury charge, Appellant's closing argument focused on whether Appellant reasonably knew he was being arrested rather than simply removed from the bar. Appellant stated that Paragraph No. 3 of the trial court's charge, the definition of "intentionally" was "the most important part of the case." He argued that "[i]t is impossible to cause the result of not -- for an officer to not arrest you if you don't know that the officer is trying to arrest you. That's what this case comes down to."

The State argued intent as it related to Appellant's counterforce, not as it related to Appellant's *understanding* of the officer's efforts to arrest as opposed to effectuate an exit from the bar premises. The State's argument primarily linked the *mens rea* to Appellant's act of pulling away, but the argument of both parties was

---

[2]Appellee argues that Appellant does not properly brief the harm suffered as a result of the error. We independently assess the evidence according to the test laid out in *Almanza* when an appellant has properly preserved his claim of jury charge error at trial. *See Almanza*, 686 S.W.2d at 171.

very short and, in the balance, this factor neither supports nor disputes that Appellant suffered "some harm" without the mistake-of-fact instruction.

The remaining two factors—the entirety of the evidence and any additional relevant facts—support the conclusion that the lack of a mistake-of-fact instruction caused Appellant to suffer at least *some harm*. Officer Covarrubio testified that after he escorted Appellant outside of the bar, he "warned" Appellant that *he needed to leave*. Officer Covarrubio's body camera footage[3] indicates that the word "warn" or "warning" was not used, nor was a potential consequence given by him for Appellant's refusal to leave in advance of his arrest; rather, Appellant was repeatedly told to leave and was effectively blocked from reentering the bar. At no point during this interaction did Officer Covarrubio tell Appellant that he was being placed under arrest or that he would be arrested if he did not leave. Appellant testified that he did not know he was being placed under arrest and that he thought he was being escorted from the premises when he "pulled away" from Officer Covarrubio. Here, whether Appellant reasonably did not believe that he was being arrested was *the* key issue in the case. *See Hill v. State*, 765 S.W.2d 794, 797 (Tex. Crim. App. 1989).

The testimony and video evidence could support a juror's belief that Appellant reasonably did not know that he was being placed under arrest at the time—and therefore did not possess the required *mens rea* for the offense of resisting arrest. As a result, factors three and four tend to support that Appellant suffered some harm by the lack of instruction given in the trial court's charge.

Considering the *Reeves* factors in weighing the issue of harm, we conclude that Appellant suffered some harm when the trial court refused to include the

---

[3]The video from the body camera contains only about thirty-two seconds with audio before the "take-down" of Appellant by the officers at the entrance of the bar.

11

mistake-of-fact instruction in the jury charge. *See Reeves*, 420 S.W.3d at 816; *Hill*, 765 S.W.2d at 797–98.

We sustain Appellant's first issue.

*This Court's Ruling*

The evidence was sufficient as to Appellant's use of force. However, we sustained Appellant's first issue as to the mistake-of-fact jury instruction, we reverse the judgment of the trial court and remand the case to the trial court for a new trial.


W. BRUCE WILLIAMS

JUSTICE


February 8, 2024

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.