**Memorandum Majority and Concurring Opinions filed August 29, 2024**



In The

# 𝕱𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝕮𝔬𝔲𝔯𝔱 𝔬𝔣 𝕬𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-22-00598-CR

**CHERRY  JAMILA  PAYTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 17-DCR-078498B**

### MEMORANDUM CONCURRING OPINION

I agree with the majority that appellant's conviction should be affirmed. I write separately because presuming without deciding error in the jury charge, I believe the error was harmless.

### Standard of Review

Appellate review of alleged jury charge error involves a two-step process. *Jenkins v. State,* 468 S.W.3d 656, 671 (Tex. App.—Houston [14th Dist.] 2015, pet.

dism'd). First, we must determine whether error occurred. *Id.* Second, if we find error, we must then analyze whether sufficient harm resulted from the error to require reversal. *Id*. When error in the charge is preserved for review, reversal is required if the error caused "some harm." *Id.* (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g) *superseded on other grounds by rule as stated in Rodriguez v. State,* 758 S.W.2d 787, 788 ((Tex. Crim. App. 1988)).

## Jury charge error

Appellant contends the trial court erred when it failed to include the mistake of fact defense in the jury charge. *See* Tex. Penal Code Ann. §8.02. Mistake of fact is defined as "a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Code Ann. § 8.02. Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we analyze that error for harm. *Id*. Preservation of charge error does not become an issue until we assess harm. *Id.* Thus, the first question of the error analysis is to determine if error occurred.

***Error*** If the evidence raises mistake of fact and the defendant requests an instruction on this defense, the defendant is entitled to one regardless of the strength of the evidence. *Miller v. State*, 605 S.W.3d 877, 882 (Tex. App.—Houston [1st Dist.] 2020, pet ref'd.); *see also Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999) ("[A]n accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence.") A defensive issue is raised by the evidence if there is sufficient evidence to support a rational jury finding as to each element of the defense. *Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020); *see also Shaw v. State*, 243

S.W.3d 647, 657–58 (Tex. Crim. App. 2007) ("[A] defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true.") But if the evidence, when viewed in the light most favorable to the defendant, does not establish a defense, the instruction is not required. *Miller*, 605 S.W.3d at 882.

Here, the jury charge in the case gave the jury the choice. The jury could decide to convict appellant as a party to continuous sexual abuse of a child for the sexual abuse that the alleged fiancé committed against Jane in Fort Bend County. Or the jury could convict appellant, acting alone, of committing acts of sexual abuse in Harris County, in addition to the acts of sexual abuse the alleged fiancé committed in Fort Bend County. *See Martinez v. State*, 190 S.W.3d 254, 258–59 (Tex. App.— Houston [1st Dist.] 2006, pet ref'd). ("When a jury is charged with alternative theories of committing the same offense, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.") A mistake of fact instruction is not proper when it does not negate each specified manner and means of committing the same offense. *See Murchison v. State*, 93 S.W.3d 239, 252 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). (Finding "in order to raise an issue of mistake of fact, the evidence, viewed in a light favorable to appellants, must have raised an issue as to the existence of a mistaken belief by appellants that negates the culpable mental state as to all five of [the alternative manner and means of committing the same offense].")

In the case at hand, the court presumes without deciding there was error. *See Burdick v. State*, 474 S.W.3d 17, 28 (Tex. App.—Houston [14th Dist.] 2015, no pet.) But, as discussed below, there was no harm.

**Harm**

If the court determines there was error, we must next analyze whether sufficient harm resulted from the error to require reversal. *Jenkins,* 468 S.W.3d at 671. Here, appellant claims the trial court erred by not instructing the jury on mistake of fact. Mistake of fact is defined as "a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Code Ann. § 8.02. We assume without deciding error was committed, thus proceed to the harm analysis. *See Burdick*, 474 S.W.3d at 28.

*Preservation* The degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Ngo*, 175 S.W.3d at 743. Under *Almanza,* jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Id*. When the defendant fails to object or states that he has no objection to the charge, we will not reverse for jury-charge error unless the record shows "egregious harm" to the defendant. *Id.* at 743-44.

The trial court has a duty to sua sponte instruct the jury correctly on the law applicable to the case. *Guzman v. State*, 552 S.W.3d 936, 944-45 (Tex. App.—Houston [14th Dist.] 2018 pet. ref'd.). *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). But a jury instruction on a defensive issue is not considered the "law applicable to the case," unless the defense requests its inclusion in the charge or objects to its omission. *Guzman*, 552 S.W.3d at 945. *See Tolbert v. State,* 306 S.W.3d 776, 779-80 (Tex. Crim. App. 2010). A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). Mistake of fact is a defensive issue. *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). A

4

defendant preserves error as to a defensive instruction so long as his request or objection conveys the substance of his complaint to the trial court well enough to put the court on notice of the omission or error in the charge. *Flores v. State*, 573 S.W.3d 864, 867 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd).

Here, appellant preserved her mistake of fact issue during a charge conference. Defense counsel asked the trial court to insert a mistake of fact instruction into the jury charge, which the court denied. Specifically, the trial attorney requested the following instruction:

> But to complete my request, I think I would propose that it consist of, "If you find that based upon -- if you find the defendant's belief was based upon the fact of her religion or custom, then the law would require you" -- and whatever mistake of fact says about -- So it would -- It would say something to the effect of, If you believe that the defendant formed a reasonable belief about a matter of fact, then her mistake in belief; and then it could finish, "would negate the kind of culpability required for the commission of the offense."

Defense counsel argued appellant's mistake was that she believed: "her religious belief and culture allowed her to have a recognized marriage, allowed her 13-year-old to have a recognized marriage in their -- in their custom that is fine." This was enough to put the trial court on notice of what the requested jury charge was, which the judge denied. Because the defense counsel preserved the error, we review the trial court's denial of the mistake of fact instruction under the "some harm" standard. *Ngo*, 175 S.W.3d at 743. ("Under *Almanza,* jury charge error requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights.")

***Harm*** Under this second step, when, as here, error in the charge is preserved for review, reversal is required if the error caused "some harm." *Jenkins,* 468 S.W.3d at 671. (quoting *Almanza,* 686 S.W.2d at 171.) Harm must be evaluated in light of the complete jury charge, the arguments of counsel, the entirety of the evidence, including the contested issues and weight of the probative evidence, and any other relevant factors revealed by the record as a whole. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). We must determine whether appellant suffered some actual, rather than merely theoretical, harm from the error. *Rodriguez v. State*, 524 S.W.3d 389, 391 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd.) Neither the State nor the defendant has a burden to prove harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

In the case at hand, there was no harm connected to the failure to instruct the jury on mistake of fact, because of the duality of the jury charge. The jury could choose to convict appellant as a party to continuous sexual abuse of a child for the sexual abuse that the alleged fiancé committed against Jane in Fort Bend County. Alternatively, the jury could convict appellant, acting alone, of committing acts of sexual abuse in Harris County, in addition to the acts of sexual abuse the alleged fiancé committed in Fort Bend County. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) ("It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted.")

Here, appellant's mistake — believing "her religious belief and culture allowed her to have a recognized marriage, allowed her 13-year-old to have a recognized marriage in their -- in their custom"— could not negate the culpability for one of the theories of the crime: appellant's own acts of sexual abuse. This mistake could feasibly only negate the culpability for her actions as a party to the

6

offense. Thus, the failure to instruct on mistake of fact was harmless, because her mistake only applied to one component of the charged offense. For these reasons, I concur.

/s/      Frances Bourliot
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Bourliot, J. concurring). Do Not Publish — Tex. R. App. P. 47.2(b).